The Honorable Norman R. Wolfinger State Attorney Eighteenth Judicial Circuit 700 South Park Avenue Titusville, Florida 32780
Dear Mr. Wolfinger:
You have asked substantially the following question:
 Is a person, firm, or corporation engaged in the construction of sea walls, boat docks, or similar structures on a residential lot but not attached or to be attached to an already existing home, non-commercial structure, or building, a home improvement contractor as defined in Rule 2-15.001, F.A.C.
In sum:
 The definition of a "home improvement contractor" in Rule 2-15.001, F.A.C., would not include a person, firm, or corporation engaged in construction of sea walls, boat docks, or similar structures on residential lots but not attached or to be attached to an already existing home, non-commercial structure, or building.
Part II, Ch. 501, F.S., is known as the "Florida Deceptive and Unfair Trade Practices Act."[1] The purpose of the act is to simplify, clarify, and modernize Florida law regulating consumer sales practices; to protect consumers from persons who commit deceptive and unfair trade practices; and to make state and federal regulation of consumer sales practices consistent.[2]
The act declares unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]"[3]
The act charges the office of the state attorney with enforcement of Part II, Ch. 501, F.S., if a violation occurs in or affects the judicial circuit of the state attorney and the Department of Legal Affairs has referred a complaint of such a violation to the state attorney. The Department of Legal Affairs possesses enforcement authority when a violation occurs in or affects more than one judicial circuit or if the state attorney fails to act upon a violation within 90 days of the filing of a written complaint.[4]
The Department of Legal Affairs is authorized to propose rules "which prohibit with specificity acts or practices that violate this part and which prescribe procedural rules for the administration of this part."[5]
Pursuant to this authority the Department of Legal Affairs has promulgated Ch. 2-15, F.A.C., regulating home construction and improvements. Rule 2-15.001, F.A.C., provides definitions for certain terms and phrases used in this chapter. A "[h]ome improvement contractor" is defined as:
 [A]ll persons, firms and corporations, their officers, representatives, agents and employees engaged in the trade or commerce of installing roofing, siding, windows, doors, awnings, heating and air conditioning equipment, water softeners and purifiers, fall-out and other protective shelters, swimming pools, fire protection devices or any other permanent installation or improvement attached or to be attached to an already existing home, non-commercial structure or building.[6]
A rule or regulation which is clear and unambiguous does not require or allow judicial interpretation.[7]
A person, firm, or corporation engaged in the construction of structures not within the terms of Rule 2-15.001(1), F.A.C., is not a home improvement contractor as defined in that rule.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] Section 501.201, F.S.
[2] Section 501.202, F.S.
[3] Section 501.204(1), F.S.
[4] See, s. 501.203(4), F.S., defining "[e]nforcing authority" for purposes of the act. And see, AGO 75-247 "[I]t would seem that under Part II, Ch. 501, F.S., the state attorney has concurrent jurisdiction with the Department of Legal Affairs to exercise the investigatory and enforcement powers and to perform the duties and functions granted or imposed by the Florida Deceptive and Unfair Trade Practices Act. The powers of the Department of Legal Affairs may be exercised by the state attorney when the department has referred a complaint of violation of the act to the state attorney or has otherwise authorized him to initiate legal action against a violator of that act."; and AGO 73-459.
[5] Section 501.205(1), F.S.
[6] Rule 2-15.001(1), F.A.C.
[7] See generally, 73 C.J.S. Public Administrative Law and Procedure s. 94.